DENUNZIO FRUIT CO. v. UNITED STATES.

(Circuit Court, W. D. Kentucky. June 4, 1908.)

No. 7,148 (2,005).

CUSTOMS DUTIES (§ 78*)—ROTTEN FRUIT—EVIDENCE—PARTIAL EXAMINATION.
Evidence as to the amount of decay in imported rotten fruit consisted merely of proof as to the percentage of decay in 5 per cent. of the packages imported. *Held* that, as the exact facts relative to the entire importation might have been ascertained, the evidence as to the packages examined should not be extended to the packages not examined.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 78.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,713 (T. D. 28,712), sustained in part the petitioners' protests against the assessment of duty by the surveyor of customs at the port of Louisville. In these proceedings the importers contend for a greater amount of relief than that granted by the board in the decision under review.

J. L. Richardson, for importers.

George Du Relle (John A. Kemp, Solicitor of Customs, and Thomas M. Lane, Ass't Treasury Counsel, on the brief), for the United States.

EVANS, District Judge. The Joseph Denunzio Fruit Company imported into this country three lots of lemons—one of 300 boxes by the Carpathia, one of 350 boxes by the Louisiana, and one of 390 boxes by the Dora Baltea. Each importation arrived at the port of New York in good condition; but the importer says in its protest in respect to each shipment that it "was delayed at the port on arrival by reason of some strike disturbance, and it was by reason of this delay that the fruit decayed." Each shipment was transported to the port of Louisville, Ky., in bond. Upon its arrival here the duties were liquidated by the surveyor of the port, and various percentages for damages to the fruit were allowed. Upon an appeal to the Board of General Appraisers, these percentages were changed, and the questions involved have been brought here.

The Board of General Appraisers took the view that as 10 per cent. of the shipment was never in fact examined by the customs officers or the importers, nor a percentage estimated upon such examination, there was no sufficient proof to support the allowance of damages to the fruit made by the surveyor, and consequently ordered a reliquidation upon the basis of the examination which had actually been made—that examination not having extended to more

than 5 per cent. of the importations. The court is of opinion that this was a correct ruling and should be affirmed, unless the testimony afterwards taken presents a different case. In his brief, the counsel for the government contends that the amount of duties became a fixed liability upon the arrival of the fruit in the port of New York, at which time it seems to have been sound. But neither the Board of General Appraisers nor the surveyor at Louisville seems to have proceeded upon that theory of the law; for, notwithstanding the statements quoted from the protests of the importer, the damages were estimated at Louisville, and without reference to the condition of the fruit when it arrived at New York. It is not necessary that we shall undertake to determine which was correct; but, assuming, as we must, that the fruit was sound when it came into the port of New York—that is to say, when the importation was probably complete—the burden was upon the importer at least to show how much of the fruit was in a damaged condition when it reached Louisville. The Board of General Appraisers proceeded upon fairly satisfactory evidence in the allowances it made; but even when we have the additional testimony before us, we are still left to conjecture and to guesswork as to any damages beyond those allowed by the board. That there was some additional damage we think is probable; but conjecture is hardly a sufficient basis for judicial action in a case where it is obvious that the exact facts might have been clearly ascertained if the importer had taken pains upon the arrival of the fruit to ascertain precisely what the damages were, by actual examination and reboxing in the presence of the customs inspector at Louisville. This might have required some labor and some going into details, but would have made clear what is now taken as a matter of conjecture. Nothing not within observation would "have been taken for granted," as witness Miller expressed it.

We cannot satisfactorily ascertain from the testimony, nor can we say exactly nor even approximately, what damages there were to the fruit beyond what was estimated by the Board of Appraisers; and consequently we find no sufficient ground for reversing a ruling which otherwise appears to be correct. That ruling will therefore be affirmed.